UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DENNIS BARGHER                                                    CIVIL ACTION

VERSUS

MAJOR CRAIG WHITE, ET AL.                                 NO. 16-304-JJB-RLB

**ORDER**

Before the Court is Defendant Major Craig White's Motion to Stay Discovery (R. Doc. 33) filed on January 23, 2017.  The motion is opposed. (R. Doc. 36).

On May 4, 2016, Dennis Bargher ("Plaintiff") commenced this action alleging that on April 18, 2015, while housed at the Elayn Hunt Correctional Center ("Hunt"), he was beaten by another inmate, and Major White and the other defendants failed to protect Plaintiff. (R. Doc. 1).

On October 6, 2016, Major White moved for summary judgment on the basis that the action is prescribed. (R. Doc. 17), and subsequently moved for an order staying discovery pending resolution of the motion for summary judgment. (R. Doc. 23).  The district judge denied summary judgment on the basis that Plaintiff attested that he submitted an ARP that does not appear in the records, and the filing of the ARP suspended the prescriptive period. (R. Doc. 29). The undersigned subsequently denied the motion to stay discovery as moot. (R. Doc. 31).

On January 23, 2017, Major White filed a second motion for summary judgment on the basis that the action is prescribed. (R. Doc. 32).  Attached to the motion for summary judgment is an affidavit of Master Sergeant Susie Krol, an ARP Screening Officer at Hunt, who states that she reviewed all ARPs filed by Plaintiff between January 1, 2013 and May 4, 2016. (R. Doc. 32-3 at 1-2).  In light of the statements provided in this affidavit, Major White maintains that Plaintiff's action is prescribed. (R. Doc. 32-1 at 9-10).  In opposition to summary judgment,

Plaintiff argues that the motion should be denied as untimely and otherwise requests discovery pursuant to Rule 56(d) to address the issues raised in the motion. (R. Doc. 38). Major White has filed a Reply in support of his motion. (R. Doc. 40).

Major White also filed the instant motion to stay discovery pending a ruling on his second motion for summary judgment. (R. Doc. 33). Major White argues that "he should not be subjected to discovery burdens until the issue of prescription is resolved" and "a stay of discovery in this case will not hinder or burden inmate plaintiff in any way as [Major White] has already produced relevant documents associated with the case, specifically those documents related to inmate plaintiff's attempt to exhaust administrative remedies." (R. Doc. 33-1). Plaintiff opposes the motion to stay on the basis that Major White's motion for summary judgment is untimely and otherwise lacks merit. (R. Doc. 36).

Rule 26(c) of the Federal Rules of Civil Procedure allows the Court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987); *see also Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) ("Trial courts possess broad discretion to supervise discovery.") (citation omitted).

Having reviewed the Complaint, the briefing on the pending motion for summary judgment, and the briefing on the instant motion, the Court finds good cause to stay discovery with respect to Mr. White until the district judge has had an opportunity to rule on the pending motion for summary judgment. To the extent the district judge concludes that additional discovery is warranted to address the motion for summary judgment, the district judge may order such discovery pursuant to Rule 56(d).

**IT IS ORDERED** that Major White's Motion to Stay Discovery (R. Doc. 33) is **GRANTED**.

**IT IS FURTHER ORDERED** that discovery in this action with regard to defendant Major Craig White is **STAYED** until resolution of the pending Motion for Summary Judgment (R. Doc. 32), or as otherwise ordered by the Court.

Signed in Baton Rouge, Louisiana, on February 15, 2017.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**