UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


DENNIS BARGHER                                             CIVIL ACTION

VERSUS

MAJOR CRAIG WHITE, ET AL.                                  16-00304-JJB-RLB

## RULING

Before the Court is a *Second Motion for Summary Judgment* filed by Defendant Major Craig White.[1]  Plaintiff Dennis Bargher has filed an *Opposition*[2] to which White has filed a *Reply*.[3]  Additionally, a *Motion for Summary Judgment* filed by Sergeant Bradley Davison is also before the Court.[4]  In response, Plaintiff Dennis Bargher has filed an *Opposition*.[5]  The Court's jurisdiction exists pursuant to 28 U.S.C. § 1331.  Oral argument is not necessary.  For the following reasons, Major Craig White's and Sergeant Bradley Davison's *Motions* shall be granted.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

At the time Plaintiff Dennis Bargher ("Plaintiff" or "Bargher") filed this 42 U.S.C. § 1983 civil rights action, he was an inmate incarcerated at Elayn Hunt Correctional Center (E.H.C.C.).[6]  Bargher, represented by counsel, has asserted in his lawsuit that E.H.C.C.

---

[1] Doc. 32.
[2] Doc. 38.  In his *Opposition*, Bargher also adopts the arguments set forth in his opposition (Doc. 19) to Defendant White's first *Motion for Summary Judgment*. Doc. 38, p. 5.
[3] Doc. 40.
[4] Doc. 41.
[5] Doc. 43.  In his *Opposition*, Plaintiff adopts those arguments made in his *Opposition to Motion for Summary Judgment* and *Opposition to Defendant's Second Motion for Summary Judgment*.  (Doc. 19; Doc. 38.)
[6] In his *Opposition*, Plaintiff states that since the filing of his lawsuit he has been released from the custody of the Department of Corrections.  Doc. 38, p. 3.

correctional officers, Major Craig White, Sergeant Davison, and Master Sergeant Wilkes[7], were deliberately indifferent to his safety in violation of his Eighth Amendment constitutional right.[8]  Plaintiff has alleged that Defendants failed to intervene in and protect him during an altercation that occurred on April 18, 2015,[9] between himself, and another inmate, Jonathan Veal, his known enemy.  As a result of this attack, Bargher claims that he sustained extensive physical injuries and continues to suffer extreme emotional distress, mental anguish, and physical pain.  In the alternative, he asserts a state law negligence claim against the Defendants.  Bargher seeks monetary relief in the form of attorneys' fees and costs, and punitive damages.

In both of the Defendants' summary judgment motions, they contend that Bargher's Eighth Amendment claim against them must be dismissed because it has prescribed.  Defendant White also makes the alternative argument that Plaintiff has failed to exhaust his administrative remedies.[10]  Plaintiff disagrees arguing that prescription was interrupted because the Administrative Remedy Process (ARP) he purportedly filed on June 12, 2015 involving the April 18, 2015 incident, was actually ARP No. EHCC-2015-819, which was ultimately rejected on November 4, 2015.  In response to the rejection, Plaintiff argues that he resubmitted his ARP in November of 2015, but it was rejected as out of time on December 4, 2015.  Therefore, Plaintiff argues that prescription was interrupted from June 12, 2015 through December of 2015.  In the alternative, Plaintiff argues that the purported June 12, 2015 ARP was never answered, therefore, E.H.C.C.

---

[7] As of the date of this *Ruling*, "Unknown Wilkes" or Master Sergeant Wilkes had not been served.
[8] Plaintiff has been represented by counsel throughout the entirety of this civil litigation.
[9] Doc. 1, p. 2, ¶7.
[10] Doc. 40.

denied him any meaningful opportunity to avail himself of the administrative remedy procedures.

## II.    LAW AND ANALYSIS

### A.    Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[11]  "An issue is material if its resolution could affect the outcome of the action."[12] "When assessing whether a dispute to any material fact exists, we consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence."[13]  "A party moving for summary judgment 'must "demonstrate the absence of a genuine issue of material fact," but need not negate the elements of the nonmovant's case.'"[14]  If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[15]  However, the non-moving party's "burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[16]

---

[11] Fed. R. Civ. P. 56(a).

[12] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005)(quoting *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003)).

[13] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008)(citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

[14] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (M.D.La. 2003)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986))).

[15] *Rivera v. Houston Independent School Dist.*, 349 F.3d 244, 247 (5th Cir. 2003)(quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)(internal quotations omitted)).

[16] *Willis v. Roche Biomedical Laboratories, Inc.*, 61 F.3d 313, 315 (5th Cir. 1995)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(internal quotations and citations omitted)).

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[17] The Court must resolve all reasonable factual inferences in favor of the nonmoving party.[18] However, "[t]he court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[19] "Conclusory allegations unsupported by specific facts, however, will not prevent an award of summary judgment; 'the plaintiff [can]not rest on his allegations . . . to get to a jury without 'any significant probative evidence tending to support the complaint.'"[20]

B.    Prescription[21]

Considering that both Defendants have asserted identical arguments on prescription in support of their motions, they shall be considered together.

In actions brought pursuant to 42 U.S.C. § 1983, federal courts look to the law of the forum state to determine the applicable statute of limitations or prescriptive period.[22]

---

[17] *Pylant v. Hartford Life and Accident Ins. Co.*, 497 F.3d 536, 538 (5th Cir. 2007)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

[18] *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).

[19] *RSR Corp. v. International Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010)(citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)).

[20] *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994)(quoting *Anderson*, 477 U.S. at 249)(citation omitted)).

[21] Plaintiff challenges the *Affidavit* (Doc. 32-2) of M.Sgt. Susie Krol because she did not prepare Bargher's file, and she was not the custodian of record. The Court disagrees with Plaintiff's objection. M.Sgt. Krol attested to the fact that she is employed as an ARP Screening Officer at E.H.C.C., whose responsibilities include date- stamping ARPs upon receipt and logging the date each ARP is entered into the computer where it is assigned an ARP number. Therefore, the Court will accept those *Attestations* in Msgt. Krol's *Affidavit* that are based upon her personal knowledge of Plaintiff's ARPs. However, the Court will not consider any legal conclusions she may have drawn in her *Affidavit* based upon the allegations in Plaintiff's *Complaint*. Plaintiff also challenges the *Certificates* of M.Sgt. Susie Krol attesting that the copies of the ARPs submitted are "True and Correct" copies of the ARP filed by the Plaintiff. The Court rejects Plaintiff's argument that Krol's certifications should not be considered. The Court shall treat the ARPs submitted as "true and correct" copies of those documents.

[22] *Nalls v. LaSalle*, Civ. Action No. 13-103, 2013 WL 3965311, *2 (M.D.La. Aug. 1, 2013).

In Louisiana, the applicable statute of limitations is one year.[23]  Federal courts also look to state tolling provisions, in this case Louisiana's, in 42 U.S.C. § 1983 actions.[24]  But to determine the accrual date of a 42 U.S.C. § 1983 action, the court looks to federal common law.[25]  "Under federal law, a cause of action accrues the moment the plaintiff knows or has reason to know of the injury."[26]  Therefore, "the statute of limitations begins to run from the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured."[27]

As this Court has explained,

> Under Louisiana law, a party pleading a limitations defense normally has the burden of establishing the elements of the defense.  However, when the face of a plaintiff's Complaint reflects that more than a year has passed since the events complained of, the burden of proof shifts to the plaintiff to show the limitations period has been interrupted or tolled.  In computing the applicable limitations period, the Court is obligated to take into account the time during which any administrative grievances filed by the plaintiff were pending in the prison system.[28]

Here, the Plaintiff filed his federal *Complaint* on May 4, 2016.[29]  It is undisputed that on April 18, 2015, Bargher suffered an injury and had sufficient information to know he had been injured.  Therefore, from the face of his *Complaint*, more than one year passed between the accrual of Bargher's cause of action and the filing of his federal

---

[23] La. Civ. C. Art. 3492 provides that delictual (tort) actions are subject to a liberative prescription of one year, that commences on the day the injury or damage is sustained.
[24] *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993).
[25] *Wallace v. Kato*, 549 U.S. 384, 388 (2007).
[26] *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994)(citing *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993)).
[27] *Edmonds v. Oktibbeha Cty., Miss.*, 675 F.3d 911, 916 (5th Cir. 2012)(quoting *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir. 1987)(internal quotations omitted).
[28] *Smith v. Lavespere*, Civ. Action No. 13-0377, 2014 WL 4063927, *3 (M.D.La. Aug. 15, 2014)(internal citations omitted).
[29] Doc. 1.

lawsuit. Hence, the burden of proof shifts to Bargher to show that the limitations period has been interrupted or tolled.

Plaintiff points to his *Affidavit* in which he averred that he filed a five-page ARP on June 12, 2015 regarding the April 18, 2015 incident, but did not receive a response to said ARP until November of 2015.[30] He claims that he sent a copy of the purported June 12, 2015 ARP to his attorney. Plaintiff further attests that ARP EHCC-2015-0819 was rejected on November 4, 2015, because it was too long and had to be resubmitted as a one-page summary.[31] Therefore, Bargher argues the prescriptive period was tolled from June 12, 2015 until November of 2015, thereby defeating White's argument of prescription.

In response, Defendants have submitted true and correct copies of all ARPs filed by Plaintiff since 2013, and within the custody of E.H.C.C.[32] Defendants point out that within E.H.C.C.'s records, there is no ARP filed by Plaintiff in June of 2015. Master Sergeant Susie Krol, an ARP Screening Officer at E.H.C.C., whose duties involve date stamping each ARP immediately upon receipt and logging the date each ARP is received into the computer where it is assigned an ARP number, attested to the fact that "[a]s the person at EHCC who is responsible for receiving ARPs and recording the dates that ARPs are received, [she was] certain that [inmate] Bargher did not submit a single ARP on or

---

[30] Doc. 19-2, p. 2.
[31] Doc. 19-2, p. 3. Msgt. Krol also attested to the fact that "[h]ad such an ARP actually been submitted to the Warden's Office at EHCC, such request would be issued an EHCC ARP number, and then either accepted or rejected." Doc. 32-3, p. 5.
[32] Doc. 32-4. ARP. Nos. EHCC-2013-0139; EHCC-2013-0611; EHCC-2014-0450; EHCC-2015-0744; EHCC-2015-0819; and EHCC-2015-0898.

around June 12, 2015."[33] She also attested to the fact that ARP No. EHCC-2015-0819 was received by E.H.C.C. on November 3, 2015, and rejected on November 4, 2015.[34]

Defendants also direct the Court to Plaintiff's *Complaint*, in which Bargher alleged that he had exhausted his administrative remedies by filing (1) ARP EHCC-2015-0744, which was rejected on October 8, 2015 because of multiple complaints; (2) ARP EHCC-2015-0819, which was rejected on November 4, 2015 because of multiple complaints and being too lengthy; and (3) a third ARP on November 9, 2015 that he did not receive a response to within 90 days.[35] Notably, Plaintiff's *Complaint* is devoid of any allegations that he filed an ARP June of 2015 regarding the April 18, 2015 incident.

Other evidence offered in the record, specifically two letters sent from the Warden of E.H.C.C. to Plaintiff's counsel, lends further support of the fact that no ARP had been filed by Plaintiff on June 12, 2015. In both of these letters, one dated October 22, 2015[36] and the other dated November 10, 2015,[37] the Warden informed Plaintiff's counsel that on the dates of each of his letters, "there [were] no ARPs pending from Mr. Bargher."

While Bargher may have mailed a copy of the ARP he purportedly filed on June 12, 2015 to his attorney, aside from his own attestation, there is no corroborating evidence

---

[33] Doc. 32-3, p. 4.

[34] Doc. 32-3, p. 4. The ARP was rejected for the following reasons: "Established rules and procedures have not been followed. You are addressing more than one complaint (multiple complaints). Established rules and procedures have not been followed. Your complaint is too lengthy. Resubmit request with a one page summary briefly stating the remedy sought." Doc. 32-9, p. 2. Plaintiff acknowledges that the ARP guidelines, La. Admin. Code, Title 22, pt. 1, §325(G)(1)(a)(iii), provides that "Offenders should present as many facts as possible to answer all questions (who, what, when, where and how) concerning the incident. If a request is unclear or the volume of attached material is too great, it may be rejected and returned to the offender with a request for clarity or summarization on one additional page. The deadline for this request begins on the date the resubmission is received in the warden's office."

[35] Doc. 1, pp. 1-2, ¶3.

[36] Doc. 19-2, p. 15. Counsel for Plaintiff sent a letter inquiring about complaints field by Plaintiff using the ARP.

[37] Doc. 19-2, p. 27. In this letter, the Warden also apprised Plaintiff's counsel that Bargher "ha[d] been informed of the proper procedure to file a formal grievance utilizing the Department's Administrative Remedy Procedure."

in the record showing that he filed any ARP with E.H.C.C. in June of 2015. Plaintiff's self-serving attestation alone will not defeat summary judgment on the issue of prescription. The Fifth Circuit has "repeatedly held that self-serving affidavits, without more, will not defeat a motion summary judgment."[38] "Self-serving affidavits employed to create questions of material fact should be carefully scrutinized by courts."[39]

Here, the undisputed, summary judgment evidence shows that Plaintiff filed numerous ARPs while incarcerated at E.H.C.C., including ARP No. EHCC-2015-0819. The evidence also shows that only ARP No. EHCC-2015-0819, which was received by E.H.C.C. on November 3 and rejected on November 4, 2015, included information related to Bargher's April 2015 incident.[40] Unlike the five page ARP Plaintiff claims he filed on June 12, 2015, ARP No. EHCC-2015-0819 was only four pages and dated October 30th-31st, 2015.[41] Moreover, the uncontested evidence shows that ARP No. EHCC-2015-0819 was Plaintiff's only ARP that was rejected in November of 2015.[42] Ultimately, Plaintiff's attempt to connect the purported June 12, 2015 ARP to the November 4, 2015 rejection of ARP No. EHCC-2015-0819 rests solely upon unfounded assertions and mere speculation.[43]

To the extent Plaintiff claims that he is entitled to tolling or interruption of prescription because he resubmitted a one page summary in response to the rejection of ARP No. EHCC-2015-0819, the Court finds otherwise. ARP No. EHCC-2015-0819 was

---

[38] *Tyler v. Cedar Hill Indep. Sch. Dist.*, 426 F.App'x 306, 309 (5th Cir. 2011).

[39] *Williamson Pounders Architects, P.C. v. Tunica Cnty., Miss.*, 681 F.Supp.2d 766, 769 (N.D.Miss. 2008)(citing *Vais Arms, Inc., v. Vais*, 383 F.3d 287, 294 (5th Cir. 2004).

[40] Doc. 32-4, p. 2; Doc. 32-9, pp. 2-6.

[41] Doc. 32-9, pp. 3-6.

[42] Doc. 32-4, p. 2.

[43] The Court further notes that Plaintiff, himself, never attested to the fact that the ARP he purportedly filed on June 12, 2015 and ARP No. EHCC-2015-0819 were one in the same. Rather, Plaintiff's counsel made this speculative argument in her memorandum.

rejected for the following reasons: "Established rules and procedures have not been followed. You are addressing more than one complaint (multiple complaints). Established rules and procedures have not been followed. Your complaint is too lengthy. Resubmit request with a one page summary briefly stating the remedy sought."[44] Plaintiff claims that "the resubmission of the June 2015 ARP arising from the April 2015 incident was accomplished almost immediately."[45] After reviewing the evidence in the record, the only ARP accepted and rejected by E.H.C.C. subsequent to Plaintiff's ARP No. EHCC-2015-0819 was ARP No. EHCC-2015-0898, which consisted of one page and received and rejected by E.H.C.C. on December 3, 2015.[46] ARP No. EHCC-2015-0898 states: "I would like a copy of my write up given to me in April by Major Lasard. Remedy (1) Thank you. Remedy (2). As well Oct. 7, 2015, same as Sec. James LeBlanc you were given a copy of my ARP from May-June. Please respond."[47] Plaintiff does not offer any evidence to dispute the content of ARP No. EHCC-2015-0898. The Court questions how Plaintiff's counsel could argue, in good faith, that ARP No. EHCC-2015-0898 summarizes the four-page ARP No. EHCC-2015-0809 from November 3, 2015, or has any bearing on the claims at issue in this case. There is no reference to any April 18, 2015 incident whatsoever in this ARP. Therefore, prescription was also not interrupted by Plaintiff's filing of ARP No. EHCC-2015-0898.

Ultimately, the Court finds that Plaintiff has failed to overcome his burden of proving that the limitations period has been interrupted or tolled based upon the purported

---

[44] Doc. 32-9, p. 2.
[45] Doc. 19, p. 6.
[46] Doc. 32-7 and Doc. 32-10.
[47] Doc. 32-10, p. 3. Plaintiff does not dispute that this is the one-page summary that he submitted in response to the rejection of ARP No. EHCC-2015-0819.

June 12, 2015 ARP. The undisputed evidence shows that the only ARP received and rejected through the ARP screening process pertaining to the April 18, 2015 incident was ARP No. EHCC-2015-0819. As this ARP was received on November 3, 2015 and rejected on November 4, 2015, prescription would have tolled for a total of two days, giving Plaintiff until April 20, 2016 to file a timely *Complaint*. Accordingly, Plaintiff's 42 U.S.C. § 1983 action and supplemental state law claims[48] against Defendant White and Defendant Davison, arising out of the April 18, 2015 incident, must be dismissed because they prescribed prior to May 4, 2016, the date he filed his federal *Complaint*.[49]

C.    Exhaustion of Administrative Remedies[50]

In the alternative, Defendant White[51] argues that even if Plaintiff had filed an ARP on June 12, 2015, for which he received no agency response, then his claims must still be dismissed because he failed to exhaust his administrative remedies before filing suit in federal court. Plaintiff has offered no new opposition to Defendant's argument.[52] In response to his previous summary judgment motion, Plaintiff argued that he could never reach the first-step, and he was denied meaningful access to the administrative process.

---

[48] Under Louisiana law, state law negligence claims are also subject to the one-year prescriptive period provided by La. C.C. art. 3492.

[49] Considering that the Court finds that Plaintiff's claims have prescribed, Plaintiff's request for additional discovery is moot.

[50] To the extent Plaintiff tries to argue that he resubmitted his ARP on one page (ARP No. EHCC-2015-0898) in December of 2015, and its rejection equated to the exhaustion of the June 12, 2015 ARP, the Court could not disagree more. The one-page ARP No. EHCC-2015-0898 states: "I would like a copy of my write up given to me in April by Major Lasard. Remedy (1) Thank you. Remedy (2). As well Oct. 7, 2015, same as Sec. James LeBlanc you were given a copy of my ARP from May-June. Please respond." Doc. 32-10, p. 3. The Court reiterates its concerns about how Plaintiff's counsel could argue, in good faith, that ARP No. EHCC-2015-0898 summarizes the four-page ARP No. EHCC-2015-809 from November 3, 2015, or has any bearing on the claims at issue in this case. Considering that the two ARPs are unrelated, the rejection of ARP No. EHCC-2015-0819 has no bearing on the Plaintiff's purported June 12, 2015 ARP, or his ability to pursue the second-step of the administrative remedy process.

[51] Only Defendant Major White brought up the alternative argument of failure to exhaust administrative remedies in his *Reply* in support of his summary judgment motion. Doc. 40.

[52] *See supra* note 21 regarding Plaintiff's evidentiary challenges.

For the following reasons, the Court agrees that Plaintiff failed to exhaust his administrative remedies.

The Prison Litigation Reform Act ("P.L.R.A.") prohibits inmates from bringing 42 U.S.C. § 1983 actions until "such administrative remedies as are available are exhausted."[53] The purpose of the exhaustion requirement is to give an agency "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court" and to encourage the efficient resolution of claims.[54] Section 1997e's exhaustion requirement is only satisfied if the prisoner "pursue[s] the grievance remedy to conclusion."[55]

In Louisiana, an inmate must follow a two-step Administrative Remedy Procedure ("ARP") process to exhaust administrative remedies before filing suit in federal court. The ARP process is codified in the Louisiana Administrative Code under Title 22, Part I, § 325. An inmate initiates the ARP process by completing a request for administrative remedy or writing a letter to the warden.[56] An ARP screening officer screens the inmate's request and either accepts the request into the first-step or rejects it for one of ten enumerated reasons.[57] If a request is accepted, the warden must respond on a first-step response from within forty (40) days of receipt of the request.[58] If the inmate is dissatisfied with the response, he may proceed to the second-step of the ARP process by appealing to the Secretary of the Department of Corrections ("D.O.C.").[59] The D.O.C. Secretary must issue a response within 45 days from the date the request is received using a second-

---

[53] Suits by Prisoners Act, 42 U.S.C. § 1997e (2013).
[54] *Woodford v. Ngo*, 548 U.S. 81, 89 (2006)(quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)).
[55] *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. July 24, 2001).
[56] La. Admin. Code tit. 22, § 325 (G)(1)(a)(i)(2015).
[57] *Id.* at §325(I)(1)(a)(i)-(ii).
[58] *Id.* at §325(J)(1)(a)(ii).
[59] *Id.* at §325(J)(1)(b)(i).

step request form.[60]  The law is clear that exhaustion of administrative remedies occurs in one of the following three instances:  "(a) when the relief requested has been granted; (b) when the second-step response has been issued; or (c) when the grievance has been screened and rejected for one of the reasons specified in Subsection I, Grievance Screening."[61]

Accepting Bargher's contention that he submitted a timely ARP on June 12, 2015 for the April 18, 2015 incident, he was obligated to pursue that ARP to completion.  As discussed above, prison officials must respond to an inmate's written grievance at the first step within 40 days from the day it was received.  After the officials failed to do so, Bargher was entitled under §325(J)(1)(c) to "move on to the next step in the process"— that is, to proceed to the second-step.[62]  The Fifth Circuit has held that complying with the first-step of an administrative grievance process will not suffice to exhaust administrative remedies if the grievance procedure contemplates additional steps. [63] The regulations do not allow Bargher to skip the second-step in its entirety and proceed to filing a lawsuit.  Rather, Bargher had to proceed to the second-step with an appeal to the D.O.C. Secretary.

There has been no evidence presented in this case showing that Bargher ever proceeded to the second-step of the administrative process by appealing his June 12, 2015 ARP to the Secretary of the D.O.C.  There is also no competent summary judgment evidence in the record demonstrating that anyone at E.H.C.C. prevented Bargher from doing so.  Accordingly, with regard to Plaintiff's purported June 12, 2015 ARP, the Court

---

[60] *Id.* at §325(J)(1)(b)(ii).
[61] *Id.* at §325(F)(3)(a)(viii).
[62] *Kleinpeter v. Kilbourne*, Civil Action No. 13-357, 2015 WL 7568656, *10 (M.D.La. Nov. 24, 2015).
[63] *See Wright v. Hollingsworth*, 260 F.3d 357, at 358 (5th Cir. 2001).

finds that exhaustion has not occurred, and Defendant White's *Motion for Summary Judgment* should also be granted on this ground.

## III.    CONCLUSION

For the foregoing reasons, Defendant Major Craig White's *Motion for Summary Judgment*[64] and Defendant Sergeant Bradley Davison's *Motion for Summary Judgment*[65] are hereby GRANTED.

Accordingly, Dennis Bargher's 42 U.S.C. § 1983 and state law supplemental state law claims against Defendant Major Craig White and Defendant Sergeant Bradley Davison are hereby dismissed with prejudice.


Signed in Baton Rouge, Louisiana, on May 1, 2017.


**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[64] Doc. 32.
[65] Doc. 41.